OPINION
On June 9, 1998, appellant, Misty L. Studebaker, and appellee, Monte J. Studebaker, were granted a divorce. Custody of the parties' two children was granted to appellee. Appellant was not ordered to pay child support. On October 5, 1999, the Fairfield County Child Support Enforcement Agency (hereinafter "FCCSEA") notified appellant of an administrative adjustment review regarding the child support order. On January 31, 2000, a hearing officer issued a report and recommended that appellant pay $146.98 per month per child. This report and recommendation was filed with the trial court on February 18, 2000. On March 10, 2000, FCCSEA filed a motion with the trial court requesting that the trial court make the hearing officer's recommendation an order of the court. After a non-oral hearing, a magistrate issued an "order" making the hearing officer's recommendation an order of the court "subject to defendant's [appellant's] appeal thereof to Magistrate Sandra Miller." See, Magistrate's Order filed March 30, 2000. On May 10, 2000, appellant filed a motion to strike the magistrate's order or in the alternative, modify the "order" to a "decision" of the magistrate. On May 11, 2000, the magistrate filed an identical decision with the caption "Magistrate's Decision" containing the trial court's signature approving and adopting the decision. On May 22, 2000, appellant filed objections to the magistrate's decision. By judgment entry filed July 25, 2000, the trial court overruled the objections. Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I THE TRIAL COURT COMMITTED PREJUDICIAL ERROR WHEN IT ORDERED THE ENFORCEMENT OF THE FCCSEA'S MODIFICATION OF CHILD SUPPORT BECAUSE SAID ORDER IS IN CONFLICT WITH APPELLEE AND APPELLANT'S SHARED PARENTING PLAN.
 II THE TRIAL COURT COMMITTED PREJUDICIAL ERROR WHEN IT ORDERED APPELLANT TO PAY CHILD SUPPORT BECAUSE SAID ORDER WAS BASED UPON ACTION ON THE PART OF THE FCCSEA, A PARTY THAT IS NOT A REAL PARTY IN INTEREST IN THE INSTANT ACTION.
 III THE TRIAL COURT COMMITTED PREJUDICIAL ERROR WHEN IT FAILED TO STRIKE THE MAGISTRATE'S ORDER THAT APPELLANT MUST PAY APPELLEE CHILD SUPPORT PURSUANT TO THE REPORT AND RECOMMENDATION BY THE FCCSEA BECAUSE SAID ORDER WAS BEYOND THE POWER OF THE MAGISTRATE TO ISSUE ORDERS AS DEFINED IN CIV.R. 53(C).
 IV THE TRIAL COURT COMMITTED PREJUDICIAL ERROR WHEN IT DID NOT ADOPT APPELLANT AND APPELLEE'S AGREED ENTRY AS A PROPERLY EXECUTED MODIFICATION OF ITS OWN ORDER THAT APPELLANT PAY CHILD SUPPORT TO APPELLEE PURSUANT TO THE REPORT AND RECOMMENDATION OF THE FCCSEA.
 I, II, III, IV
Appellants four assignments of error challenge the trial court's order of child support. Appellant claims the FCCSEA's recommendation was contra to the parties agreement and was in conflict with R.C. 3109.04, FCCSEA was not a party to the action and the modification was beyond the scope of Civ.R. 53(C). We will address the issue of timeliness in filing objections to the FCCSEA's recommendation and the magistrate's "order" first because it is pertinent to the issues presented on appeal. Pursuant to Civ.R. 53(E)(3)(a), any objections to a magistrate's decision must be filed within fourteen days of the filing of the decision. If no objections are made within fourteen days, the trial court may adopt the decision. Civ.R. 53(E)(4)(b). The original report containing the recommendation on child support by the hearing officer for FCCSEA was issued on January 31, 2000 and was filed with the trial court on February 18, 2000. On March 10, 2000, FCCSEA filed a motion with the trial court requesting that the trial court make the hearing officer's recommendation an order of the court. Appellant filed a contra motion on March 29, 2000. The matter was reviewed at a non-oral hearing. By order filed March 30, 2000, the magistrate sustained the recommendation and determined it to be an order of the court "subject to defendant's [appellant's] appeal thereof to Magistrate Sandra Miller." The order informed the parties that any appeal "shall be filed within fourteen days of the date of the filing of this Entry." On May 10, 2000, appellant filed a motion to strike the March 30, 2000 order because the magistrate could only issue a "decision" and not an "order." On May 11, 2000, the trial court signed the magistrate's "order" and adopted it as its own order. The trial court order was the same as the magistrate's March 30, 2000 "order" save the designation "order" was changed to "decision." In both the order and decision, the required fourteen day time frame was noted. Appellant filed objections to the magistrate's decision on May 22, 2000. A hearing was set for July 19, 2000. By judgment entry filed July 25, 2000, the trial court determined appellant's objections were "out of order." Appellant argued to the trial court that the March 30, 2000 "order" was not a decision under Civ.R. 53(E). The trial court rejected this argument and we concur. Despite the designation in the caption of the ruling, the parties were informed of the appealable nature of the proceeding and chose to disregard it. Upon review, we find because no timely objections were made to the March 30, 2000 magistrate's "order," the trial court was correct in signing the May 11, 2000 "decision" and in denying the objections filed May 22, 2000. Assignments of Error I, II, III and IV are denied.
The judgment of the Court of Common Pleas of Fairfield County, Ohio, Domestic Relations Division is hereby affirmed.
By Farmer, J. Edwards, P.J. and Wise, J. concur.